UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANNON LATIMORE,

Plaintiff,

-against-

DUTCHESS COUNTY SHERFF'S DPT., et al.,

Defendants.

7:26-CV-4808 (JGLC)

ORDER OF SERVICE

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff Shannon Latimore, of Poughkeepsie, New York, who is not currently incarcerated, brings this action *pro se*, seeking damages under 42 U.S.C. § 1983 arising from events alleged to have occurred while he was held in the Dutchess County Justice and Transition Center ("DCJTC"). Named as Defendants are: (1) the Dutchess County Sheriff's Department (or Office); (2) Dutchess County Sheriff Kirk Imperati; (3) the DCJTC itself; (4) DCJTC Superintendent (or Warden) Theresa Lee; (5) DCJTC Sergeant Michael Miscastro; (6) DCJTC Deputy Superintendent (or Warden) Beth Schenella (or Schanella); (7) Prime Care Medical Inc. ("Prime Care") (a private entity alleged to provide medical care to persons in DCJTC custody); (8) Dr. Schulman, a Prime Care ophthalmologist; (9) Andre-Miller Polanco, a Prime Care Health Administrator assigned to the DCJTC; and (10) the unidentified "John Doe" Chief Executive Officer ("CEO") of Prime Care.[1] The Court understands Plaintiff's complaint as asserting claims under Section 1983 and under state law.

[1] Plaintiff asserts official-capacity claims against the Dutchess County Sheriff's Department (or Office), Sheriff Imperati, the DCJTC itself, Superintendent (or Warden) Lee, Sergeant Micastro, Deputy Superintendent (or Warden) Schenella (or Schanella), Prime Care, Dr. Schulman, Polanco, and the unidentified "John Doe" Prime Care CEO. (ECF 1, at 3-7.)

By order dated June 11, 2026, the court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), that is, leave to proceed without prepayment of fees. For the reasons discussed below, the Court drops the Dutchess County Sheriff's Department (or Office), the DCJTC, and the unidentified "John Doe" Prime Care CEO as Defendants in this action, and adds the County of Dutchess and Thomas Weber, the actual Prime Care CEO, as Defendants under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). The Court directs service on the County of Dutchess, Sheriff Imperati, Superintendent (or Warden) Lee, Deputy Superintendent (or Warden) Schenella (or Schanella), Sergeant Micastro, Prime Care, Dr. Schulman, Polanco, and Weber.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

### A. The Dutchess County Sheriff's Department (or Office) , the DCJTC, the unidentified "John Doe" Prime Care CEO, and the official-capacity claims against the Defendants alleged to be Dutchess County officials

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Marrero, D.J.) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "In *pro se* actions, courts can and have, under Rule 21, dropped an institutional defendant when it is an improper defendant and, under that same rule, substituted that dropped defendant by adding the proper institutional defendant." *Hayes v. Westchester Med. Ctr.*, 7:25-CV-10273 (NSR), 2026 WL 412121, at *1 (S.D.N.Y. Feb. 13, 2026). Courts have also added, under Rule 21, a municipality as a defendant in an action, though that municipality is not named as a defendant in the complaint, because it was clear that the plaintiff

intended to name the municipality as a defendant but mistakenly did not do so.[2] *See, e.g.*, *Glover v. N.Y.C. Dep't of Corrs.*, 7:25-CV-1174 (KMK), 2025 WL 756327, at *1 (S.D.N.Y. Feb. 18, 2025). Rule 21 has also been used to add, as a Defendant, a private entity's Chief Executive Officer. *See Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 446-47 (E.D.N.Y. 2009). This all reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co*., 82 F. Supp. 576, 578 (S.D.N.Y. 1949) (Kaufman, D.J.) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

In naming the Dutchess County Sheriff's Department (or Office) and the DCJTC as Defendants, which are entities of the County of Dutchess—the proper defendant for such claims—it is clear that Plaintiff intended to name the County of Dutchess as a Defendant in this action. In addition, in naming an unidentified "John Doe" Prime Care CEO as a Defendant, Plaintiff clearly intended to name Thomas Weber, the actual Prime Care CEO as a Defendant.

Accordingly, under Rule 21, the Court drops the Dutchess County Sheriff's Office Department (or Office), the DCJTC, and the unidentified "John Doe" CEO of Prime Care as Defendants in this action and adds the County of Dutchess and Thomas Weber as Defendants in

[2] Under New York law, agencies that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); *see Edwards v. Arocho*, 125 F. 4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village."). Under Rule 21, courts have substituted as defendants municipalities for their agencies. *See, e.g.*, *Andradez v. Orange Cnty. Sheriff's Office*, No. 7:20-CV-2050 (PMH), 2020 WL 3618410, at *2-3 (S.D.N.Y. July 1, 2020).

this action. This adding of the County of Dutchess and Weber as Defendants in this action is without prejudice to any defenses that these Defendants may raise in this action.[3]

**B. Service of the Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants County of Dutchess, Imperati, Lee, Schenella (or Schanella), Micastro, Prime Care, Schulman, Polanco, and Weber through the

[3] The Court dismisses, for failure to state a claim on which relief may be granted, Plaintiff's official-capacity Section 1983 claims brought against the Defendants who are alleged be Dutchess County officials. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A Section] 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself."); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials . . . [because] local government units can be sued directly for damages and injunctive or declaratory relief."). The Court understands Plaintiff's remaining Section 1983 claims against these Defendants as brought against them in their individual capacities, and any associated state-claims as brought against the County of Dutchess (along with any Section 1983 claims brought against the County as well).

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that summonses and the complaint be served within 90 days of the date that the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses for the Defendants be issued. The Court therefore extends the time to serve the Defendants until 90 days after the date that the summons for the Defendants are issued. If the complaint is not served within 90 days from the date that summonses for the Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue a summons for each of these Defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each of these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so.

### C. City Bar Justice Center

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves in civil actions filed in this court.[5] Appointments can be scheduled by completing the CBJC's intake form. If Plaintiff is not able to complete this form, or if he has questions about the form, he may call (212) 382-4794. A flyer with details is attached.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court also directs the Clerk of Court to drop the Dutchess County Sheriff's Department (or Office), the Dutchess County Justice and Transition Center, and the unidentified "John Doe" Prime Care Medical, Inc. Chief Executive Officer as Defendants in this action, and to add the County of Dutchess and Thomas Weber, Chief Executive Officer of Prime Care Medical, Inc., as Defendants in this action. *See* Fed. R. Civ. P. 21.

The court further directs the Clerk of Court to: (1) issues summonses for Defendants County of Dutchess, Imperati, Lee, Schenella (or Schanella), Micastro, Prime Care Medical, Inc.,

---

[5] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

Schulman, Polanco, and Weber; (2) complete USM-285 forms with the service addresses of each of these Defendants; and (3) deliver all documents necessary to effect service of summonses for the Defendants and the complaint on each of these Defendants to the United States Marshals Service.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service.[6]

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 25, 2026
White Plains, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

[6] If Plaintiff consents to receive documents by email, he will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. The County of Dutchess
Law Department
22 Market Street
Poughkeepsie, New York 12601

2. Sheriff Kirk Imperati
Office of the Dutchess County Sheriff
108 Parker Avenue
Poughkeepsie, New York 12601

3. Superintendent (or Warden) Theresa Lee
Dutchess County Justice and Transition Center
150 North Hamilton Street
Poughkeepsie, New York 12601

4. Deputy Superintendent (or Warden) Beth Schenella (or Schanella)
Dutchess County Justice and Transition Center
150 North Hamilton Street
Poughkeepsie, New York 12601

5. Sergeant Micastro
Dutchess County Justice and Transition Center
150 North Hamilton Street
Poughkeepsie, New York 12601

6. Prime Care Medical, Inc.
3940 Locust Lane
Harrisburg, Pennsylvania 17109

7. Dr. Schulman
Prime Care Medical, Inc.
3940 Locust Lane
Harrisburg, Pennsylvania 17109

8. Andre-Miller Polanco
Dutchess County Justice and Transition Center
150 North Hamilton Street
Poughkeepsie, New York 12601

9. Thomas Weber
Chief Executive Officer
Prime Care Medical, Inc.
3940 Locust Lane
Harrisburg, Pennsylvania 17109

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
    - Scan the QR code to the right.
    - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;
2. I have established a PACER account;
3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;
4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;
5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and
6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

____________________________________________

____________________________________________

Name (Last, First, MI)

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number | E-mail Address |
|---|---|
| **Date** | **Signature** |

Click Here to Save

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

**IMPORTANT NOTICE**

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.